## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,                  Case No: 5:19-cv-12332-JEL-RSW
                                           Hon. Judith E. Levy

v.                                      Magistrate Judge R. Steven Whalen

MEIJER, INC.,

        Defendant.

_____/

Dale R. Price, Jr. (P55578)            Thomas M. Miller (P37746)
Attorney for Plaintiff                  Attorney for Defendant
EEOC – Detroit Field Office          Meijer Legal Dept.
477 Michigan Ave., Room 865        2929 Walker Ave., N.W.
Detroit, MI  48226                 Grand Rapids, MI  49544
313-226-7808                        616-791-3007
Dale.Price@eeoc.gov              tom.miller@meijer.com
_____/

## DEFENDANT MEIJER'S ANSWER TO COMPLAINT, DEFENSES AND AFFIRMATIVE DEFENSES

Defendant Meijer Great Lakes Limited Partnership (incorrectly identified as "Meijer, Inc."), through its undersigned counsel, responds to the averments of plaintiff's complaint as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**Answer:  The allegations in paragraph 1 are conclusions of law to which no responsive pleading is required.**

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

**Answer:  The allegations of fact in paragraph 2 are denied, but Meijer admits that some of the events alleged in the complaint occurred within the geographical jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.**

<u>PARTIES</u>

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

**Answer:  The allegations in paragraph 3 are conclusions of law to which no responsive pleading is required.**

4.     At all relevant times, Defendant, Meijer Inc. (the "Employer"), has continuously been a Michigan corporation doing business in the State of Michigan and the Township of Commerce and has continuously had at least fifteen (15) employees.

**Answer:  The allegations of fact in paragraph 4 are denied.  To the extent the plaintiff is alleging claims related to the employment of Gary Simpkins, the legal entity employing him is Meijer Great Lakes Limited Partnership (hereinafter "Meijer"), a subsidiary and**

affiliated company of Meijer, Inc., and that entity has at least fifteen employees at the Meijer store in Commerce Township.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42. U.S.C. §§2000e(g) and (h).

**Answer:  The allegations in paragraph 5 are conclusions of law to which no responsive pleading is required.**

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**Answer:  The allegations in paragraph 6 are conclusions of law to which no responsive pleading is required.**

ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Gary Simpkins filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

**Answer:  The allegations of fact in paragraph 7 are admitted.**

8.     On September 21, 2018, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

**Answer:  To the extent the allegations of fact in paragraph 8 allege that Meijer engaged in any violations of the Americans with Disabilities Act, they are denied.  Meijer admits the remaining allegations of fact in that paragraph.**

3

9.     The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

**Answer:   The allegations of fact in paragraph 9 are denied.**

10.     On March 25, 2019, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

**Answer:  To the extent the allegations in paragraph 10 are intended to allege that the EEOC engaged in conciliation in good faith, the allegations are denied. Meijer is without information or knowledge sufficient to admit or deny what conciliation terms the EEOC may have considered to be acceptable.  Meijer admits that the EEOC issued the March 25, 2019 notice alleged in paragraph 10.**

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

**Answer:   The allegations in paragraph 11 are conclusions of law to which no responsive pleading is required.  To the extent they are allegations of fact, they are denied.**

<u>STATEMENT OF CLAIMS</u>

12.     Since at least November 2016, Defendant Employer has engaged in unlawful employment practices in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

**Answer:   The allegations in paragraph 12 are conclusions of law to which no responsive pleading is required.  To the extent they are allegations of fact, they are denied.**

a.     Simpkins is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Simpkins suffers from psoriatic arthritis, which causes inflammation and pain in his joints. Simpkins is substantially limited

in his immune and musculoskeletal functions, and in his ability to stand, reach, pull and shift his hips.

**Answer:   The allegation in paragraph 12(a) that Mr. Simpkins is a qualified individual with a disability is a conclusion of law to which no responsive pleading is required. To the extent the allegations in paragraph 12(a) are allegations of fact, Meijer is without sufficient information to admit or deny them.**

b.      Simpkins has worked for Defendant Employer at the Commerce Township store since he was hired in 1992.

**Answer:   The allegations of fact in paragraph 12(b) are admitted.**

c.      In the five years prior to November 2016, Simpkins worked primarily as a cashier in the U-Scan self-service area where customers ring up their own purchases.

**Answer:   The allegations of fact in paragraph 12(c) are denied, except Meijer admits Mr. Simpkins was employed as a cashier in the service area of the Commerce Township store and on occasions was assigned to the U-scan area.**

d.      During that five-year period, Simpkins worked in the U-Scan area because of his psoriatic arthritis.

**Answer:   The allegations of fact in paragraph 12(d) are denied.**

e.      Nevertheless, Simpkins occasionally filled in at the full-service cashier position when there was a demand for it and did so without difficulty.

**Answer:   The allegations of fact in paragraph 12(e) are denied.**

f.      Simpkins also had experience working as a cashier in the store's gas station, which is in a separate building on the store's premises.

**Answer:  The allegations of fact in paragraph 12(f) are denied, except Meijer admits on occasion Mr. Simpkins filled in at the gas station performing various functions.**

g.      In November 2016, a new store director and customer service line leader began working at the Commerce Township store.

**Answer:  The allegations of fact in paragraph 12(g) are denied, except Meijer admits that in January 2016 a different store director and customer service line leader began working at the Commerce Township store.**

h.      The new line leader removed Simpkins from his position as a cashier in the U-scan area, claiming that it was neither efficient nor fair to other employees to allow Mr. Simpkins to remain posted in the U-scan area.

**Answer:  The allegations of fact in paragraph 12(h) are denied.**

i.       In January and February 2017, Simpkins submitted to Defendant Employer two doctor's notes explaining his psoriatic arthritis and his physical limitations.

**Answer:  The allegations of fact in paragraph 12(i) are denied, except Meijer admits that in February 2017 it received two notes from Mr. Simpkins' medical provider with a diagnosis of psoriatic inflammatory arthritis and imposing several significant work restrictions.**

j.      In March 2017, Defendant conducted a meeting with Simpkins and his union representative. Present for Defendant were the store director, the customer service line leader, an HR specialist, and the ADA adjuster.

**Answer:  The allegations of fact in paragraph 12(j) are admitted.  By way of further answer, there were two meetings, one on March 31 and a second on April 6, 2017, arranged by Meijer to meet its obligation under the Americans with Disabilities Act to engage in good**

**faith in a bilateral, interactive process to identify reasonable accommodation for Mr. Simpkins that did not impose an undue hardship on the company.**

k.      During the meeting, in response to Simpkins' doctor's notes, Defendant proposed that Simpkins be re-assigned to a part-time greeter position, which involved a cut in hourly pay as well as a loss of benefits. To avoid part-time status and a decrease in his hourly wage and benefits, Simpkins proposed several alternative accommodations, including using a stool for the checkout lane, working in the gas station, resuming his prior U-Scan position, working at the customer-service desk, and offered to go to an open position at a different store.

**Answer:  The allegations of fact in paragraph 12(k) are denied, except Meijer admits at the interactive meetings it offered Mr. Simpkins a re-assignment to a part-time greeter position, which was a reasonable accommodation appropriate for his medical condition and work restrictions, and Mr. Simpkins proposed being transferred to various other positions, which were not reasonable, would have violated his work restrictions, and would have violated the Americans with Disabilities Act.**

l.      Defendant refused these proposed accommodations and was unwilling to try any on a trial basis.

**Answer:  The allegations of fact in paragraph 12(l) are denied, except Meijer admits that it did not attempt any of Mr. Simpkins' proposed accommodations because they were not reasonable, would have violated his work restrictions, and would have violated the Americans with Disabilities Act.**

m.      Defendant told Simpkins that if he did not accept the lower paying, part-time greeter position his employment would be terminated.

**Answer:  The allegations of fact in paragraph 12(l) are denied, except Meijer admits that if Mr. Simpkins did not accept re-assignment to the greeter position, there were no other vacant positions available that would have been a reasonable accommodation for him, and that he was advised accordingly that his employment with the company could be terminated.**

n.    Simpkins reluctantly went to work as a part-time greeter, which meant losing $2.35 per hour and left him concerned regarding the loss of his health benefits, seniority, and retirement benefits. Three weeks later, he was increased to full-time hours, but the pay disparity continues to date.

**Answer:  Meijer is without information or knowledge sufficient to admit or deny the allegations in paragraph 12(n), but admits it did transfer Mr. Simpkins to a part-time greeter position, and three weeks later moved him to full-time status as a greeter.  Meijer further admits that as a greeter, Mr. Simpkins' hourly wage was reduced by $2.35 per hour, which was consistent with the wage scale for that position, but the change in position did not change his seniority, health benefits or retirement benefits**

13.    The effect of the practices complained of in paragraph 12 above has been to deprive Simpkins of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

**Answer:  The allegations of fact in paragraph 13 are denied.**

14.    The unlawful employment practices complained of in paragraph 12 above were intentional.

**Answer:  To the extent the allegations in paragraph 14 are conclusions of law, no responsive pleading is required.  To the extent they are allegations of fact, they are denied.**

15.     The unlawful employment practices complained of in paragraph 12 were done with malice or with reckless indifference to the federally protected rights of Simpkins.

**Answer:   To the extent the allegations in paragraph 14 are conclusions of law, no responsive pleading is required.   To the extent they are allegations of fact, they are denied.**

## DEFENSES AND AFFIRMATIVE DEFENSES

Plaintiff's claims must be dismissed because of the following defenses and affirmative defenses:

1.     There is no basis in law or fact upon which relief can be granted.

2.     Any claim seeking relief on behalf of Mr. Simpkins is barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

3.     Any claim seeking relief on behalf of Mr. Simpkins is preempted in whole or in part by federal labor law, in particular Section 301 of the Labor Management Relations Act, 29 U.S.C. 185.

4.     Any claim seeking relief on behalf of Mr. Simpkins for physical, mental or emotional damages and lost wages, in whole or in part, is barred by the exclusive remedy provision of the Michigan Workers' Disability Compensation Act, MCLA 418.101, et. seq.

5.     Any claim seeking relief on behalf of Mr. Simpkins for alleged damages is unrecoverable by statute or common law.

6.     Any claim seeking relief on behalf of Mr. Simpkins for alleged damages is barred because the damages are speculative and unrecoverable.

7.     Any claim seeking relief on behalf of Mr. Simpkins is barred because he has failed to mitigate his damages, or alternatively, has mitigated his damages and defendant is entitled to a set-off against damages.

8.      Meijer acted at all times within the bounds of good faith and the Americans with Disabilities Act by engaging in a bilateral, interactive process and offering Mr. Simpkins reasonable accommodation for any disability he has.

9.      Plaintiff seeks Meijer to provide purported accommodations for Mr. Simpkins that violate the Americans with Disabilities Act, including, but not limited to, creating a new position for him.

10.     Plaintiff seeks Meijer to provide purported accommodations for Mr. Simpkins that violate his work restrictions.

11.     Plaintiff seeks Meijer to provide purported accommodations for Mr. Simpkins that would impose an undue hardship on the company.

12.     Meijer took no unlawful adverse employment action against Mr. Simpkins.

13.     Plaintiff failed to engage in good faith conciliation prior to filing this action, as required by the Americans with Disabilities Act.

Meijer reserves the right to add any other defenses and affirmative defenses which arise in the course of discovery and until the close of discovery in this matter.

Meijer respectfully requests the Court to enter a judgment in its favor of defendant and against plaintiff, to dismiss the complaint with prejudice, and to award its costs, expenses, and reasonable attorney fees.

Respectfully submitted,

Dated:  September 16, 2019

*/s/ Thomas M. Miller*
Thomas M. Miller (P37746)
Attorney for Defendant
Meijer Legal Dept.
2929 Walker Ave., N.W.
Grand Rapids, MI  49544
616-791-3007
tom.miller@meijer.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

               Plaintiff,                    Case No: 5:19-cv-12332-JEL-RSW
                                              Hon. Judith E. Levy

v.                                              Magistrate Judge R. Steven Whalen

MEIJER, INC.,

               Defendant.

_____/

| | |
|---|---|
| Dale R. Price, Jr. (P55578) | Thomas M. Miller (P37746) |
| Attorney for Plaintiff | Attorney for Defendant |
| EEOC – Detroit Field Office | Meijer Legal Dept. |
| 477 Michigan Ave., Room 865 | 2929 Walker Ave., N.W. |
| Detroit, MI  48226 | Grand Rapids, MI  49544 |
| 313-226-7808 | 616-791-3007 |
| Dale.Price@eeoc.gov | tom.miller@meijer.com |

_____/

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2019, I electronically filed Meijer's Answer to Complaint, Defenses and Affirmative Defenses with the Clerk of the Court using the ECF system, which will send notification of such filing to Dale.Price@eeoc.gov.

                                             By:____*/s/ Thomas M. Miller*_____
                                                     Thomas M. Miller (P37746)
                                                     Attorney for Defendant